### G. V. Brecht Butchers' Supply Company v. P. H. Stern.

1. RECOUPMENT—*extent to which, available.* Recoupment is only available to reduce or defeat the plaintiff's claim; it cannot be made the basis of an independent judgment in favor of the defendant.

Action commenced before justice of the peace. Appeal from the Circuit Court of Pulaski County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

FRED HOOD, for appellant.

WALL & CASTER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This suit was begun before a justice of the peace by appellant for a balance of $192 claimed to be due from appellee upon a contract of sale of a refrigerator to be used by appellee in his butcher shop at Mounds, Illinois. In the trial appellee claimed by way of recoupment damages sustained by reason of appellant's failure or delay in delivering the refrigerator according to contract. The justice gave judgment for the defendant. Plaintiff appealed to the Circuit Court, where a trial by jury again resulted in verdict and judgment in favor of defendant, from which the plaintiff appealed to this court. According to the testimony of appellee, which is not disputed by any evidence shown in the abstract, on February 5, 1904, appellant undertook and agreed to furnish and set up in appellee's butcher shop at Mounds, a refrigerator of certain size and description, the same to be delivered and set up by March 15th following, for which appellee was to pay the sum of $242. Appellee paid $50 on the day of contract and was to pay the balance, $192, upon the delivery of the refrigerator according to contract. The refrigerator was not delivered at Mounds until April 5th. In recoupment of damages caused by failure of appellant to deliver and set up the refrigerator at the time required by the contract, appellee proved the loss of meat for want of refrigerator, the loss of patronage and business, and the payment of freight, which under the contract appellant was to pay. From the evidence appearing of record and undisputed, we cannot say that the verdict of the jury should be set aside. The refrigerator was bought for a special purpose—the storage and preservation of fresh meats. This appellant's agent knew at the time of the contract and from the correspondence between the parties prior to the time the refrigerator should have been delivered, and subsequent thereto, until it was shipped from St. Louis, appellant must have known and understood that

appellee relied upon its compliance with the terms of the contract. It was for the jury to say whether the damages claimed by appellee were caused by appellant's failure to deliver the refrigerator according to contract, and what sum, if any, should be allowed under the evidence, chiefly that of appellee himself, to which no objection was made or exception taken so far as it affected any material issue in the case. In recoupment, damages arising out of the contract on which the suit is brought may be allowed only to the extent of the plaintiff's claim. The defendant may not recover over against the plaintiff, as in set-off, where the counter-claim is outside and independent of that for which the action is brought. Under this proposition a number of the instructions given at the instance of appellee were erroneous, but of this no complaint is made in argument by appellant's counsel. As the jury did not assess damages over in favor of defendant the error was harmless. Some of the instructions to which our attention is directed by argument of appellant are not strictly accurate in the statement of the law applicable to the facts in this case, but on the whole we find no substantial error, for which the judgment should be reversed. It is therefore affirmed.

*Affirmed.*